IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ESTELE RAY NEELY,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. XPRESS ENTERPRISES, INC., U.S. XPRESS, INC., U.S. XPRESS LEASING, INC.,<br><br>  Defendants. | Case No: 1:20-cv-00174-CLC-CHS<br><br>Magistrate Judge Christopher H. Steger<br><br>Hon. Curtis L. Collier |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR
ORDER APPROVING RESOLUTION OF FLSA CLAIMS**

The above-named parties submit this Memorandum in support of their Joint Motion for Order Approving Resolution of FLSA Claims.

**I. Introduction**

In this action under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et. seq.* ("FLSA"), the parties jointly request that the Court enter an order approving the Settlement Agreement reached between the parties to release and resolve all FLSA claims at issue in this matter. As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed resolution to the district court." *Id*. at 1353. [1]

---

[1] *But see, Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012) (Fifth Circuit holding that a private settlement of a bona fide FLSA dispute does not require court approval). The Sixth Circuit has not squarely addressed the issue as to whether all bona fide FLSA settlements must be judicially approved.

## II. Facts & Procedural History

Plaintiff filed this civil action on June 25, 2020, alleging that Defendants violated the FLSA. (ECF No. 1). On July 29, 2020, the parties submitted a Joint Motion to Stay as Plaintiff's claims were subject to an arbitration agreement. (ECF No. 7). The Court subsequently entered the requested stay. (ECF No. 11). Plaintiff then filed a demand for arbitration with the American Arbitration Association ("AAA") raising both FLSA and contractual claims.

Defendants contended that Plaintiff was an independent contractor not subject to the FLSA's minimum wage protections. Defendants also contended that, even if Plaintiff was reclassified as an employee, he earned compensation in excess of the FLSA's minimum wage. Further, Defendants maintained that Plaintiff previously released his breach of contract claims and, even if he had not, no breach in fact occurred.

The parties engaged in some written discovery. They subsequently engaged in negotiations and were able to reach a settlement which is now being presented to the Court for approval as required by the FLSA. *See Lynn's Food Stores*, 679 F.2d at 1353. All undersigned counsel represent that the negotiations were adversarial in nature and that the settlement represents a compromise on the part of all parties with respect to both the relief sought by Plaintiff and the defenses raised by Defendants.

## III. The Court Should Approve the Settlement Agreement.

In this case, the Court should approve the terms of the Settlement Agreement because they were achieved in an adversarial context, experienced counsel represented the parties on both sides, and it reflects a fair and reasonable compromise over disputed issues.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353, 1355. In *Lynn's Food*

2

Case 1:20-cv-00174-CLC-CHS   Document 17   Filed 04/28/21   Page 2 of 4   PageID #: 64

*Stores*, the district court established the following factors to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?

2. Were the Plaintiffs represented by attorneys who can protect their rights?

3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353-54.

In this instance, the resolution reached by the parties was negotiated by experienced counsel who protected the rights of both parties. The parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the parties with respect to whether Plaintiff was entitled to additional wages under the FLSA. With the Court's approval, the parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorney fees and costs.

**IV. Conclusion**

For the foregoing reasons, the parties request that the Court enter an Order approving the settlement agreement in this action and dismiss this action with prejudice based on the parties' agreement. A proposed Order is filed contemporaneously herewith.

Respectfully submitted this 28th day of April, 2021.

| | |
|---|---|
| */s/ Robert E. Turner, IV* | */s/ James H. Hanson* |
| J. Russ Bryant, Esq. | James H. Hanson (Admitted *Pro Hac Vice*) |
| Robert E. Turner, IV, Esq. | E. Ashley Paynter (Admitted *Pro Hac Vice*) |
| Jackson, Shields, Yeiser, Holt, Owen & Bryant | James A. Eckhart (Admitted *Pro Hac Vice*) |
| | SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C. |
| 262 German Oak Drive | 10 West Market Street, Suite 1400 |
| Memphis, TN 38018 | Indianapolis, IN 46204 |
| Email: rbryant@jsyc.com | Email: jhanson@scopelitis.com |
| rturner@jsyc.com | apaynter@scopelitis.com |
| | jeckhart@scopelitis.com |
| Attorneys for Plaintiff, | |
| Estele Ray Neely | Attorneys for Defendants, |

U.S. Xpress Enterprises, Inc., U.S. Xpress, Inc., and
U.S. Xpress Leasing, Inc.

4814-5518-8710, v. 1